BEFORE THE
UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CHENG SHIN RUBBER IND. CO. LTD.,<br><br>                               Plaintiff<br><br>        v.<br><br>UNITED STATES,<br><br>                               Defendant. | Court No. 21-00398 |

COMPLAINT

      Plaintiff Cheng Shin Rubber Ind. Co. Ltd. ("Plaintiff"), files this complaint to contest the final determination by the U.S. Department of Commerce ("Commerce") in the antidumping duty investigation of Passenger Vehicle and Light Truck Tires from Taiwan.

JURISDICTION

      1.    This action arises out of an antidumping duty investigation conducted by Commerce pursuant to Section 732 of the Tariff Act of 1930, as amended (the "Act"), 19 U.S.C. § 1673.  Commerce published notice of the final results of the investigation in the *Federal Register* on May 27, 2021.  *See Passenger Vehicle and Light Truck Tires from Taiwan: Final Affirmative Determination of Sales at Less than Fair Value*; 86 Fed. Reg. 28563 (May 27, 2021), as corrected by *Passenger Vehicle and Light Truck Tires from Taiwan: Final Affirmative Determination of Sales at Less Than Fair Value; Correction*, 86 Fed. Reg. 30916 (June 10, 2021) (hereinafter referred to as the "*Final Results*").

      2.    This action is commenced pursuant to Sections 516A(a)(2)(A) and (B)(i) of the Act, as amended, 19 U.S.C. §§ 1516a(a)(2)(A) and (B)(i).  Consequently, this Court has

jurisdiction over this matter by reason of 28 U.S.C. § 1581(c), which confers upon the Court exclusive jurisdiction over civil actions commenced under Section 516A of the Act.

## PLAINTIFF'S STANDING TO COMMENCE THIS ACTION

3. Plaintiff is a producer and exporter of passenger vehicle and light truck tires from Taiwan, the subject merchandise at issue in this appeal. Plaintiff participated as a respondent in the antidumping duty investigation that is the subject of this appeal. Accordingly, Plaintiff is an "interested party" within the meaning of section 771(9)(A) of the Tariff Act, as amended, 19 U.S.C. § 1677(9)(A), and has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

4. On May 27, 2021, the *Final Results* were published in the *Federal Register*. *See Passenger Vehicle and Light Truck Tires from Taiwan: Final Affirmative Determination of Sales at Less than Fair Value*; 86 Fed. Reg. 28563 (May 27, 2021). A correction to the *Final Results* was published in the *Federal Register* on June 10, 2021. *See Passenger Vehicle and Light Truck Tires from Taiwan: Final Affirmative Determination of Sales at Less Than Fair Value; Correction*, 86 Fed. Reg. 30916 (June 10, 2021). The final antidumping duty order was published on July 19, 2021. *See Passenger Vehicle and Light Truck Tires from the Republic of Korea, Taiwan, and Thailand: Antidumping Orders and Amended Final Affirmative Antidumping Duty Determination for Thailand*; 86 Fed. Reg. 38011 (July 19, 2021).

5. Plaintiff initiated this action by filing a summons on August 11, 2021, and filing this complaint on September 8, 2021, both within the time specified by Section 516A(a)(2) of the Act, 19 U.S.C. § 1516a(a)(2)(B); 28 U.S.C. § 2636(c); and Rule 3(a)(2) of the Rules

of this Court which permits parties to challenge the final results of an antidumping duty investigation that results in an antidumping order by filing a summons within 30 days after publication of the antidumping order, and a complaint within 30 days thereafter.

FACTS AND BACKGROUND

6. On June 29, 2020, Commerce initiated the investigation of Passenger Vehicle and Light Truck Tires from Taiwan and invited comments from interested parties on the scope of the investigation and product characteristics of subject merchandise. *See Passenger Vehicle and Light Truck Tires from Korea, Taiwan, Thailand, and Vietnam: Initiation of Less-Than-Fair-Value Investigations*, 85 Fed. Reg. 38854 (June 29, 2020).

7. In accordance with the schedule established by Commerce, Cheng Shin filed its scope and product characteristics comments on July 20, 2020. In its scope comments, Cheng Shin requested an exclusion for the light-truck spare tire models it produced for a U.S. customer. In its concurrent product characteristics comments, Cheng Shin requested that the product characteristic for "tire service type" include a separate category for light-truck spare tires. In this regard, Cheng Shin explained that the draft "tire service type" categories (which were based on the service type categories included in the Tire Rim Association ("TRA") handbook) did not separately identify light-truck spare tires. Accordingly, since the initial scope of the investigation included light-truck spare tires, a separate category for light-truck spare tires was needed to avoid inaccurately reporting those spare tires as regular passenger-car, light-truck, or special-trailer tires.

8. Petitioner responded to Cheng Shin's scope comments on September 25, 2020. Petitioner agreed that light-truck spare tires should be excluded from the scope of the investigation like passenger-vehicle spare tires. However, Petitioner expressed concern

that the scope exclusion language proposed by Cheng Shin would be overbroad and might exclude tires other than the types that Cheng Shin had identified in its July 20 submission. As a result, Petitioner suggested revised scope-exclusion language modeled after the scope-exclusion language for passenger-vehicle spare tires.  In proposing this language, Petitioner noted that unlike the exclusion for passenger-vehicle spare tires, light-truck spare tires could not be defined based on the TRA tire service type because the TRA did not have a separate category for light-truck spare tires.  Accordingly, the scope exclusion language proposed by Petitioner defined light-truck spare tires based on a list of tire specifications without considering the TRA tire service type.

9. On December 10, 2020, after consulting with Petitioner and receiving Petitioner's approval, Cheng Shin submitted revised scope-exclusion language for light-truck spare tires.  In this regard, the revised scope-exclusion language submitted by Cheng Shin used the same language proposed by Petitioner, but modified the list of specifications used to define light-truck spare tires.  Significantly, the revised scope-exclusion language again omitted any reference to the TRA tire service type specifications.

10. On December 29, 2020, Commerce adopted the revised scope-exclusion language submitted by Cheng Shin without modification.  As a result, the final scope of the investigation contained the following exclusion for light-truck spare tires:

> …tires designed and marketed exclusively as temporary use spare tires for light trucks which, in addition, exhibit each of the following physical characteristics:
> 
> (a) the tires have a 265/70R17, 255/80R17, 265/70R16, 245/70R17, 245/75R17, 245/70R18, or 265/70R18 size designation;
> 
> (b) "Temporary Use Only" or "Spare" is molded into the tire's sidewall;
> 
> (c) the tread depth of the tire is no greater than 6.2 mm; and

    (d)  Uniform Tire Quality Grade Standards ("UTQG") ratings are not molded into the tire's sidewall with the exception of 265/70R17 and 255/80R17 which may have UTQG molded on the tire sidewall

11. Petitioner responded separately to Cheng Shin's product characteristic comments on July 30, 2020. Petitioner opposed the inclusion of a separate "tire service type" category for light-truck spare tires on the grounds that there may be "opportunities for manipulation" because there "was no definition of the reduced tread depth of light-truck spare tires."

12. On August 18, 2020, Commerce released the final version of the product-characteristic reporting requirements for the investigation. These final product-characteristic reporting requirements did not include a separate "tire service type" category for light-truck spare tires as requested by Cheng Shin. Accordingly, Cheng Shin was required to report its light-truck spare tires as either regular passenger-car, regular light-truck, or special-trailer tires based on how those tires best fit within the tire specifications identified by the TRA.

13. In its final determination, Commerce concluded that the light-truck spare tires for which Cheng Shin has specifically requested exclusion did not qualify for exclusion, because Cheng Shin had reported those tires with the "tire service type" code used for regular passenger-car tires. According to Commerce, this reporting indicated that the tires were "dual use" tires that were not "designed and marketed exclusively as temporary use spare tires for light trucks." *See Passenger Vehicle and Light Truck Tires from Taiwan: Final Affirmative Determination of Sales at Less Than Fair Value*, 86 Fed. Reg. 28563 (May 27, 2021), and accompanying Issues and Decision Memorandum at 20.

STATEMENT OF CLAIMS

14. In this appeal, Plaintiff challenges Commerce's final determination in the antidumping duty investigation on *Passenger Vehicle and Light Truck Tires from Taiwan*, and, in particular, Commerce's determination that certain light-truck spare tires produced by Cheng Shin were included within the scope of the investigation and Commerce's consequent calculation of dumping margins for Cheng Shin using an analysis that included sales of those products. Commerce's determination was arbitrary and capricious, unsupported by substantial evidence on the record, or otherwise not in accordance with law, for the following reasons, among others:

(1) The scope exclusion language for light-truck spare tires was drafted specifically to exclude the light-truck spare tire models produced by Cheng Shin and sold to its U.S. customer;

(2) Record evidence demonstrates that the TRA tire service type category is not an appropriate basis to identify light-truck spare tires;

(3) Record evidence demonstrates that the light-truck spare tires designed by Cheng Shin and sold to its U.S. customer met the explicit requirements adopted by Commerce for exclusion; and

(4) Record evidence demonstrates that the tires were "designed and marketed exclusively" by Cheng Shin and its U.S. customer as temporary use light-truck spare tires and, therefore, are not dual-use tires.

<u>DEMAND FOR JUDGMENT</u>

15. WHEREFORE, Plaintiff respectfully requests this Court to:

(1) Declare Commerce's *Final Results* to be arbitrary and capricious, unsupported by substantial evidence, and otherwise not in accordance with law;

(2) Remand this matter to Commerce for disposition in a manner consistent with the judgment of this Court; and

(3) Provide such other relief as this Court deems appropriate.

Respectfully submitted,

/s/Jeffrey M. Winton
Jeffrey M. Winton
Amrietha Nellan

WINTON & CHAPMAN PLLC
1900 L. St., N.W., Suite 611
Washington, DC  20036
(202) 774-5500

Attorneys for Cheng Shin Rubber Ind. Co. Ltd.

Dated:  September 8, 2021

CERTIFICATE OF SERVICE

I hereby certify that copies of the Complaint are being served on this 8th day of September, 2021, by certified mail, return-receipt requested, on the following parties:

Attorney-in-Charge
International Trade Field Office
U.S. Department of Justice
National Courts Branch
26 Federal Plaza
Room 346
New York, NY 10278

Supervising Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Washington, DC 20530

General Counsel
U.S. Department of Commerce
Mail Stop 5875 HCHB
14th Street & Constitution Ave., N.W.
Washington, DC 20230

Chief Counsel
Office of the Chief Counsel for Trade Enforcement and Compliance
International Trade Administration
U.S. Department of Commerce
1401 Constitution Ave., N.W.
Washington, DC 20230

Roger B. Schagrin, Esq.
Schagrin Associates
900 7th Street, NW
Suite 500
Washington, DC 20001

Daniel Cannistra, Esq.
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004-2595

Thomas Trendl, Esq.
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795

Kristen Smith, Esq.
Sandler, Travis & Rosenberg, P.A.
1300 Pennsylvania Avenue, NW
Washington, DC 20004-3002

Camelia C. Mazard, Esq.
Doyle, Barlow & Mazard, PLLC
1776 K St., NW
Suite 200
Washington, DC 20006

Richard Weiner, Esq.
Sidley Austin LLP
1501 K Street, NW
Washington, DC 20005

George Tuttle
Law Offices of George R. Tuttle
1100 Larkspur Landing Circle
Suite 385
Larkspur, CA 94939

/s/ Jeffrey M. Winton
Jeffrey M. Winton