## UNITED STATES COURT OF INTERNATIONAL TRADE

### BEFORE:  THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| CHENG SHIN RUBBER IND. CO. LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No. 21-00398 |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| UNITED STEEL, PAPER AND FORESTRY, ) | |
| RUBBER, MANUFACTURING, ENERGY, ) | |
| ALLIED INDUSTRIAL AND SERVICE ) | |
| WORKERS INTERNATIONAL UNION, AFL- ) | |
| CIO, CLC, ) | |
| ) | |
| Defendant-Intervenor. ) | |

## DEFENDANT'S MOTION TO MODIFY STATUTORY INJUNCTION ORDER

Defendant, the United States, respectfully submits this motion seeking modification of the Court's October 12, 2021 Order for Statutory Injunction, ECF No 24,[1] which the Court issued in response to the proposed "consent" Form 24 filed by plaintiff Cheng Shin Rubber Ind. Co. Ltd (Cheng Shin), ECF No. 23.  Plaintiff improperly filed the proposed Form 24 without reasonably seeking and then securing the consent of the Government.  Had plaintiff reasonably sought our consent, we would have objected because it improperly seeks an open-ended injunction.  As such, we respectfully request that the Court modify its Order for Statutory Injunction to end on June 30, 2022, which is the end of the period of review for the first

---

[1]  The Order was signed on October 11, 2021, but entered on the docket on October 12, 2021.

administrative review, and the period for which we would have consented to the statutory injunction.

Cheng Shin impermissibly filed the Form 24 without securing the Government's consent and without providing the Government a fair and reasonable opportunity to respond and object to Cheng Shin's proposed injunction. *See* CIT Rule 7(f). On Friday, October 8, 2021 at 3:03 p.m., Cheng Shin's counsel sent an email to undersigned counsel with the proposed Form 24 statutory injunction, stating, "Please find attached the draft Form 24 that we intend to file for Cheng Shin today. Please let us know if there are any objections." This was the first and only time that Cheng Shin indicated to the Government that it had intended to seek an injunction. Less than three hours later, at 5:45 p.m., Cheng Shin's counsel filed the proposed Form 24 statutory injunction. But the undersigned counsel for the Government had not even seen Cheng Shin's counsel's email, let alone responded with our position on consent, before Cheng Shin's counsel precipitously filed the form misrepresenting the Government's position. In fact, Cheng Shin indicated in its filing that it gained consent from the parties. It did not. To the extent that Cheng Shin assumed that it had secured our implied consent based on undersigned counsel not responding to an email within less than three hours of its receipt, that assumption was false and entirely unreasonable given the timing of the email and subsequent filing of the Form 24.

Had our consent been properly sought, we would have indicated that the Government consents to an injunction until June 30, 2022, which is the end of the period of review for the first administrative review. Cheng Shin then would have been required to follow the Court's regular motions practice. *See* Form 24-1, Specific Instructions ("Form 24 is intended to be used for certain statutory injunctions pursuant to 19 U.S.C. §1516a(c)(2) entered on *consent of the parties. If any party opposes the injunction, then regular motion practice should be followed*.")

2

(emphasis added)).  We do not, however, consent to the open-ended injunction sought by Cheng

Shin, nor do we accede to Cheng Shin's non-compliance with the Court's rules and procedures.

 For these reasons, we respectfully request that the Court modify its order to reflect that

the injunction ends on June 30, 2022.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

| | |
|---|---|
| OF COUNSEL:<br>VANIA WANG<br>Attorney<br>Department of Commerce<br>Office of the Chief Counsel<br>  for Trade Enforcement & Compliance | s/ Ashley Akers<br>ASHLEY AKERS<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C.  20044<br>Tel: (202) 353-0521 |
| October 13, 2021 | Attorneys for Defendant |

## UNITED STATES COURT OF INTERNATIONAL TRADE

### BEFORE:  THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

|  |  |
|---|---|
| CHENG SHIN RUBBER IND. CO. LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No. 21-00398 |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| UNITED STEEL, PAPER AND FORESTRY, ) | |
| RUBBER, MANUFACTURING, ENERGY, ) | |
| ALLIED INDUSTRIAL AND SERVICE ) | |
| WORKERS INTERNATIONAL UNION, AFL- ) | |
| CIO, CLC, ) | |
| ) | |
| Defendant-Intervenor. ) | |

## **ORDER**

Upon consideration of defendant's motion to modify the statutory injunction, it is hereby

ORDERED that the Court's October 12, 2021 Order for Statutory Injunction, ECF No 24, is hereby modified to reflect that the injunction ends on June 30, 2022.

_____
                                                    Judge

Dated: _____
            New York, New York