UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE STEPHEN A. VADEN, JUDGE

|  |  |
|---|---|
| CHENG SHIN RUBBER IND. CO. LTD., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, <br><br> Defendant-Intervenor. | Court No. 21-00398 |

ORDER

Upon consideration of plaintiff's Motion to Modify the Statutory Injunction and other papers and proceedings herein, it is hereby

ORDERED that plaintiff's motion to modify the statutory injunction is granted; and it is further

ORDERED that Defendant, United States, together with the delegates, officers, agents, and employees of the International Trade Administration of the United States Department of Commerce and U.S. Customs & Border Protection, shall be and hereby are, ENJOINED, pending a final and conclusive court decision in this litigation, including all appeals and remand proceedings, from causing or permitting liquidation of unliquidated entries of passenger vehicle and light truck tires from Taiwan that:

(1) were produced and/or exported by Cheng Shin Rubber Ind. Co. Ltd.;

(2) are subject to the antidumping order on passenger vehicle and light truck tires from Taiwan (*See Passenger Vehicle and Light Truck Tires from the Republic of Korea, Taiwan, and Thailand: Antidumping Orders and Amended Final Affirmative Antidumping Duty Determination for Thailand*; 86 Fed. Reg. 38011 (July 19, 2021)).

(3) were entered, or withdrawn from warehouse, for consumption from January 6, 2021, onwards, excluding any merchandise entered, or withdrawn from warehouse, for consumption, on July 5, 2021, through July 15, 2021; and it is further hereby

ORDERED that the entries covered by this injunction shall be liquidated in accordance with the final court decision in this action, including all appeals and remand proceedings, as provided for in section 516A of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(e).

SO ORDERED.

_____
Judge Stephen A. Vaden

Date: _____
New York, NY

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE STEPHEN A. VADEN, JUDGE

| | |
|---|---|
| CHENG SHIN RUBBER IND. CO. LTD., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, <br><br> Defendant-Intervenor. | Court No. 21-00398 |

MOTION TO MODIFY STATUTORY INJUNCTION
TO ENJOIN LIQUIDATION OF ENTRIES

Pursuant to Rule 7 of the United States Court of International Trade ("CIT"), 19 U.S.C. § 1516a(c), and the Court's November 5, 2021, Order, Plaintiff Cheng Shin Rubber Ind. Co. Ltd. ("Cheng Shin") respectfully moves this Court to modify the duration of the statutory injunction that currently prohibits Defendant United States from liquidating any entries of passenger vehicle and light truck tires ("PVLT tires") from Taiwan that were produced and/or exported by Cheng Shin and that are subject to the antidumping order on PVLT tires from Taiwan that were entered, or withdrawn from warehouse, for consumption, during the period from January 6, 2021, through June 30, 2022, excluding any merchandise entered, or withdrawn from warehouse, for consumption, on July 5, 2021, through July 15, 2021 (*i.e.*, "the gap period"). Plaintiff requests that the injunction be

extended to apply to imports of PVLT tires that will be entered, or withdrawn from warehouse, for consumption, after June 30, 2022, until a final court decision on the merits is entered in this case including all appeals and remands. The Court has the authority to render the requested injunctive relief pursuant to 19 U.S.C. § 1516a(c)(2).

Although CIT Rule 7(f) would not appear to require consultation with other parties before moving to modify a statutory injunction, counsel for Cheng Shin nevertheless provided a copy of the motion to the other parties in the proceeding on Thursday, December 9, 2021. In response, counsel for Defendant, the United States, Ashley Akers, indicated that they oppose this motion and intend to file a response, as permitted by the Court's November 5 Order. Counsel for Defendant-Intervenor, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC, Elizabeth Drake, stated that they take no position on the motion.[1]

STATEMENT OF FACTS

On October 8, 2021, counsel for Plaintiff filed a Form 24 requesting that Defendant, the United States, be enjoined from liquidating any entries of subject merchandise that were entered from January 6, 2021, onwards. The injunctive Order was initially entered on October 12, 2021, and then, by agreement among the parties and pursuant to the Court's November 5, 2021, Order, amended to reflect that the injunction applied only to entries of

---

[1] A copy of the email communication between Plaintiff, Defendant, and Defendant-Intervenors regarding the parties' position on this Motion is provided in an attachment to this submission.

subject merchandise that were entered between January 6, 2021, through June 30, 2022 (excluding the gap period).²

In its November 5 Order modifying the injunction, the Court also approved the briefing schedule proposed by the parties with respect to whether the injunction should be amended to extend past June 30, 2022, for the duration of the case.³  This motion and supporting arguments are filed in accordance with that briefing schedule.

ARGUMENT

   A.   *Legal Standard for Granting*
          *Modification of an Injunction*

This Court's rules and previous decisions have established that parties do not need to establish "good cause" in order to modify an injunctive order.⁴  Instead, it is well-settled that the Court has "…equitable powers to modify an injunction to achieve its intended purpose."⁵  Accordingly, the Court's past decisions have established that the Court has inherent discretion to modify injunctions if the modification is (1) necessary to achieve the

---

² *See* Court's November 5, 2021, Order (ECF No. 34).

³ *See id*.

⁴ *See* CIT Rule 56.2(a) (stating good cause must be shown for any motion for statutory injunction or Form 24 filed 30 days after service of the complaint).  *Compare CS Wind Vietnam Co. v. United States*, 39 ITRD 1320 (CIT 2017) at note 3 (discussing good cause requirement for initial motion for injunction against liquidation filed 30 days after service of complaint) *with YC Rubber Co. (N. Am.) LLC v. United States*, 415 F. Supp. 3d 1240, 1245 (CIT 2019) (*citing Agro Dutch Indus. Ltd. v. United States*, 589 F.3d 1187 (Fed. Cir. 2009) and *Clearon Corp. v. United States*, 34 C.I.T. 970, 717 F. Supp. 2d 1366 (2010)) (explaining that the Court has equitable powers to modify an existing statutory injunction without discussing an additional requirement of good cause).

⁵ *YC Rubber*, 415 F. Supp. 3d at 1245.

injunctive order's intended purpose and (2) would not result in prejudice to a party.[6]  By this motion, Plaintiff asserts that it meets the requirements for a modification of the statutory injunction currently in place.

> B. *The Requirements to Grant the Modification Have Been Satisfied*
>
> > 1. *Modification Needed for Intended Purpose of Injunction*

This Court has recognized that the intended purpose of an injunction in a case challenging an antidumping duty determination by Commerce is to maintain the status quo as of the time the injunction was entered.[7]  The Court has explained that because there is no basis to permit reliquidation of entries, an injunction to forestall liquidation of all unliquidated entries covered by Commerce's determination is required to secure the full benefits of judicial review.[8]

As the Court is aware, this appeal raises a single issue:  whether certain temporary light-truck spare tires produced by Cheng Shin for a U.S. customer are properly within the scope of the antidumping order on PVLT tires from Taiwan.  Since Commerce's determination applies to all entries of PVLT tires produced or exported by Cheng Shin on or after January 6, 2021, there is a risk that these non-subject tires will be assessed antidumping duties.  That risk exists for any imports until this appeal is finally decided.

---

[6] *See Agro Dutch*, 589 F.3d at 1192; *see also YC Rubber*, 415 F. Supp. 3d at 1245.

[7] *See YC Rubber*, 415 F. Supp. 3d at 1245.

[8] *See Mid Continent Steel & Wire, Inc. v. United States*, 427 F. Supp. 3d 1375, 1382 (CIT 2020).

Accordingly, that risk exists for imports up until June 30, 2022, and also for imports after June 30, 2022.

That risk remains especially, but not only, if no reviews are requested. In this regard, while entries after June 30, 2022, may be suspended from liquidation by requesting an administrative review, there is no guarantee that any reviews will be requested or conducted. Furthermore, even if there is a review, it will proceed on the (in our view, erroneous) assumption that the temporary light-truck spare tires at issue in this appeal are within the scope of the review. Accordingly, in the absence of the injunction requested by this motion, any liquidation instructions issued by Commerce in its reviews (including reviews of periods after June 30, 2022) will apply to imports of spare tires that are, in our view, outside the scope.

In order to prevent such erroneous liquidations, Cheng Shin would need to participate in each review and file additional appeals of those reviews simply to address the same scope issue that is being raised in this appeal. Notably, the Court has previously stated that securing the full benefits of judicial review of the final results of an investigation should not require participation in each administrative review and then seeking judicial review.[9] Furthermore, the Court has explained that an injunction preventing liquidation of all entries covered by an investigation would ensure "movants receive the full benefit of their judicial challenge to the investigation, and possibly to the order itself, {which} may obviate the

---

[9] *See id*. at 1384.

need for future administrative reviews, or may settle issues that are likely to reoccur in future reviews without the need for additional litigation."[10]

Since PVLT tires produced or exported by Cheng Shin that enter after June 30, 2022, have not been liquidated at the time the current injunctive order was entered, but will be liquidated, in Plaintiff's view, at rates that are overstated and on merchandise that should be excluded from the scope of the Order, a modification of the statutory injunction to include merchandise that enters after June 30, 2022, is necessary to maintain the status quo and achieve the intended purpose of the injunction for this appeal.

    2.    *Modification Does Not Prejudice Parties*

This Court has determined that there is "no hardship to the government" by granting an injunction that covers all entries of merchandise throughout the pendency of the litigation concerning an antidumping duty investigation.[11] In this regard, the United States will suffer no material harm from the delay in liquidation, because the continued suspension of the subject entries will enable Defendant to ultimately collect the appropriate amount of antidumping duties on the subject entries in accordance with this Court's final decision.

In addition, the importers of Plaintiff's merchandise have already posted bonds or paid cash deposits of estimated antidumping duties on the subject merchandise covered by the antidumping order that have entered the United States and will continue to do so on

---

[10] *Husteel Co. v. United States*, 34 F. Supp. 3d 1355, 1360 (CIT 2014).

[11] *Mosaic Co. v. United States*, No. 21-00116, 2021 WL 4524213, at *4 (CIT Oct. 4, 2021).

future entries. Accordingly, Defendant's interest in collecting the appropriate amount of duties on Cheng Shin's entries of merchandise will not be prejudiced by modifying the statutory injunction to apply to entries after June 30, 2022. In these circumstances, the requirements for a modification of the statutory injunction currently in place have been met.

    C.   *The Court has Previously Determined that an Injunction for an Appeal of an Investigation Should Not be Limited to the End of the First Administrative Review*

Significantly, this Court has previously determined that the appropriate time period of an injunction for an appeal of an antidumping duty investigation is the duration of the appeal and not the end date of the first administrative review. As the Court explained in *Mid Continent Steel & Wire*:

> …the purpose of an injunction is to preserve the status quo during the pendency of judicial proceedings so as to provide the parties with any relief the court ultimately grants… Preserving the status quo until conclusion of this dispute {challenging Commerce's final determination in an investigation} demands…. an injunction against liquidation should apply to all entries from AR 1 going forward, until conclusion of the dispute.[12]

Furthermore, that decision has recently been upheld by this Court. In *Mosaic Company*, the Court stated that it "agrees with the reasoning of *Mid Continent*, and the principles upon which it is based."[13] Specifically, the Court agreed that because the "potential harm flows from the results of an investigation," the injunction should cover all affected merchandise without necessitating additional modifications to cover future entries

---

[12] *Mid Continent*, 427 F. Supp. 3d at 1382.

[13] *Mosaic Co.*, No. 21-00116 at *4.

if the judicial proceeding is not completed before the start of the next annual review.[14] In accordance with the Court's previous decisions, the injunction for this appeal of an antidumping investigation should be modified to cover entries after June 30, 2022, for the duration of the appeal.

REQUEST FOR RELIEF

In light of the foregoing, Cheng Shin respectfully requests that the motion herein be granted. A proposed Order is attached.

Respectfully submitted,

/s/ Jeffrey M. Winton
Jeffrey M. Winton
Michael J. Chapman
Amrietha Nellan
Vi N. Mai

WINTON & CHAPMAN PLLC
1900 L Street, N.W. Suite 611
Washington, D.C. 20036
(202) 774-5500

Attorneys for Cheng Shin Rubber Ind. Co. Ltd.

December 13, 2021

---

[14] *See id.* (*citing Mid Continent Steel & Wire, Inc. v. United States*, 427 F. Supp. 3d 1375, 1384 (CIT 2020)).