## UNITED STATES COURT OF INTERNATIONAL TRADE

<table>
<tr><td>

CHENG SHIN RUBBER IND. CO.
LTD.,

    *Plaintiff,*

v.

UNITED STATES,

    *Defendant,*

UNITED STEEL, PAPER AND
FORESTRY, RUBBER,
MANUFACTURING, ENERGY,
ALLIED INDUSTRIAL AND
SERVICE WORKERS
INTERNATIONAL
UNION, AFL-CIO, CLC,

    *Defendant-Intervenor.*

</td><td>

Before: Stephen Alexander Vaden,
Judge

Court No. 1:21-cv-00398

</td></tr>
</table>

## <u>ORDER</u>

On hearing oral argument regarding modification of this Court's October 12, 2021 Order for Statutory Injunction Upon Consent, the Court concluded that its previous Order was issued in error and amended it. *Compare* ECF No. 24 (original injunction), *with* ECF No. 34 (Minute Order modifying injunction). Plaintiff's counsel had wrongly represented that the Government had consented to the entered injunction when it had not. *See* Defendant's Motion to Modify Statutory Injunction Order at 2, ECF No. 25 (explaining the events surrounding Plaintiff's filing of the

Motion without having received an answer from the Government regarding its consent); *see also* Oral Arg. Tr. 30:24-25 — 31:1-3, ECF No. 39 (statement from Plaintiff's ethics counsel not contesting the Government's accusations regarding the filing of the injunction without consent).

During that proceeding, the Court addressed these lapses in the ethical conduct of Plaintiff's counsel. The Court cited United States Court of International Trade (USCIT) Rule 11(b)(3), which provides:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after any inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

USCIT Rule 11(b)(3). "[T]he central purpose of Rule 11 is to deter baseless filings in district court." *Precision Specialty Metals, Inc. v. United States*, 315 F.3d 1346, 1355 (Fed. Cir. 2003) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)). The Court maintains a prerogative, *sua sponte*, to order an attorney to show cause why specific conduct has not violated Rule 11(b)(3). It was in part to discuss the necessity of a Show Cause Order provided for by this provision that the Court held oral argument on November 4, 2021.

In the intervening time, the Court has reconsidered the plans made at oral argument; namely, that Plaintiff's counsel would be expected to explain further why their misrepresentation of the Government's consent does not constitute sanctionable conduct. Instead, the Court will exercise grace appropriate to the present season. It

will pursue no further the matter of formal sanctions for misconduct stemming from this incident.

The Court appreciates the signed letter submitted by hand at oral argument and appended to this Order. In it, Mr. Jeffrey Winton, the partner managing this case at Winton & Chapman PLLC, explained that his firm had taken remedial steps to avoid further infractions of this kind. Those measures include updating office procedures to ensure consent requests are not made at the last minute, requiring the review of at least two additional lawyers before the firm submits a court filing, and mandating all firm attorneys review Rule 3.3 of the D.C. Bar's Rules of Professional Responsibility as well as D.C. Bar opinions regarding attorneys' duty of candor to the tribunal. Letter Re: *Cheng Shin Rubber Ind. Co. Ltd. v. United States*, Ct. No. 21-00398, Ex. 1. Mr. Winton should also consider requiring all his firm's attorneys to take appropriate continuing legal education courses on (1) attorneys' ethical duty of candor to the tribunal and (2) how to manage one's time commitments and legal practice so as not to create ethical conundrums.

Mr. Winton's letter requested that, if sanctions shall issue, they be directed at him alone. The Court takes this request; the representations of Plaintiff's ethics counsel Mr. John B. Harris at oral argument; and the remedial steps outlined in Mr. Winton's letter to the Court as evidence that Mr. Winton and his firm understand the gravity of the issues raised by their conduct. The Court trusts they will avoid ethical breaches in the future. However, should Mr. Winton or his firm undertake another

ethically questionable step before the Court in this or a future case, the season for grace shall have passed.

It is therefore **ORDERED** that Plaintiff's ethics counsel Mr. John B. Harris and Ms. Neena Deb Sen are discharged from the case, their responsibilities having been concluded; and it is further

**ORDERED** that all counsel in this case shall continue to abide by the Court's order of November 5, 2021, requiring counsel to "append evidence as an exhibit indicating that consent was sought and received by the appropriate counterparties" to all consent motions. *See* ECF No. 34.

**SO ORDERED.**

_____
Judge Stephen Alexander Vaden

Dated: ___April 20___, 2022
New York, New York

# Exhibit 1

**WINTON & CHAPMAN**
PLLC
1900 L STREET, N.W., SUITE 611
WASHINGTON, D.C. 20036
202.774.5500

JEFFREY M. WINTON
JWINTON@JMWINTON.COM

202.774.5503 (DIRECT)
202.478.1996 (TELECOPY)

November 4, 2021

BY HAND

The Honorable Stephen Alexander Vaden
U.S. Court of International Trade
1 Federal Plaza
New York, NY 10278

Re:  Cheng Shin Rubber Ind. Co. Ltd. v. United States, Ct. No. 21-00398

Dear Judge Vaden:

I truly appreciate your willingness to excuse me from attendance at the hearing you
have called for today in the above-referenced case so that I can participate in oral argument
before the Court of Appeals for the Federal Circuit. Nevertheless, I am disappointed that I
will not have the opportunity to appear before you to express my personal apology for the
error by my firm that led you to summon us all to New York.

I trust that my colleagues will be able to describe fully to you the circumstances that
led to the filing of our October 8 motion. It is clear, I believe, that our filing did not reflect
any intent to mislead anyone. At the same time, it is also absolutely clear that we made an
inexcusable error when we submitted the standard Form 24 motion (which asserts that all
parties agree to the requested injunction) on the assumption that a lack of response from
the other parties to our request for consent might be interpreted as their acquiescence in our
motion. I deeply regret and sincerely apologize for any confusion or inconvenience this
error may have caused the Court or the other parties to this proceeding.

In this regard, I have also reviewed again the response we filed on October 14
responding to the Government's motion to modify the injunction. While I believe that the
legal analysis in our response was sound, I do not believe it was an adequate answer to the
Government's claim that they had not in fact consented to our initial ●ctober 8 motion. I
have, therefore, directed my colleagues to prepare a motion asking for leave to withdraw
our October 14 submission and to replace it with what I consider to be a more adequate
response, which would agree to limit the injunction that is currently in place to the entries
for which the Government has already expressed its consent, while establishing a further
schedule for the parties to address the merits of the Government's insistence that the
injunction apply only to entries made prior to the end of the putative first review period
unless extended again by a separate subsequent motion. I believe that this proposed

WINTON & CHAPMAN PLLC

Hon. Stephen Alexander Vaden
November 4, 2021
Page 2

approach addresses our mistake, accurately reflects the existing agreement among the parties, and allows an appropriate opportunity to present arguments about the relatively limited area of disagreement that remains.

I would emphasize that, as the founder and senior partner of the law firm representing Plaintiff in this action, I take full responsibility for all submissions made by my firm and for any errors contained in our submissions, including the error in our October 8 motion. I have absolute faith in the junior lawyers in our Firm and, notwithstanding the error that has brought them before the Court today, I have found them to be utterly reliable and honest in their dealings with clients, opposing counsel, administrative agencies, the courts, and myself. In these circumstances, any mistakes by the Firm's junior lawyers necessarily represent my own personal failures in training and supervising them. I therefore request that any penalties and sanctions the Court may impose as a result of our mistakes be directed solely at me, and not at more junior lawyers for whose training I am responsible.

I also wanted to assure you that I am taking immediate corrective action to re-emphasize the importance of making sure that every submission by our Firm reflects careful thought and review, even when our submissions are based on form language. We are also updating our procedures to avoid situations in which requests for consent might be left to the last minute. In addition, we are modifying our standard communications practices to ensure that all attorneys at our firm who have entered an appearance in an appeal are included in any and all communications about the appeal with counsel for other parties, and we are revising our case assignment system to make sure that at least two other lawyers (in addition to myself) are personally involved in every submission we make to the court. More generally, I have also directed all of the attorneys at my firm to review the provisions of Rule 3.3 of the D.C. Bar's Rules of Professional Responsibility (which govern the conduct of the attorneys at my firm), as well as any relevant Ethics Opinions by the D.C. Bar delineating an attorney's obligations of candor to the tribunal. I look forward to the Court's guidance as to any additional further corrective measures that might be necessary or useful, and I intend to promptly implement whatever recommendations the Court may require or suggest.

Respectfully submitted,

Jeffrey M. Winton